## Case No. 482.

### The ANTELOPE.

[2 Ben. 405.][1]

District Court, S. D. New York. May, 1868.

MARITIME LIENS — BUILDING VESSEL — RIGHTS UNDER STATE LAW.

1. When articles are furnished towards the building of a vessel, no lien for their value is given by the general maritime law.

2. Where a vessel was built at Newburgh. New York, in 1855, and articles were furnished by the libellant there for such building, and the vessel left Newburgh and went to New York city, and the libellant then filed his libel, in 1855, to recover the value of the articles: Held, That he had no lien under the lien law then in force in the state, because he had not filed specifications of his lien within twelve days after the vessel left the port of Newburgh, as was required by such lien law. That he had no lien otherwise, and the libel must be dismissed.

[In admiralty. Libel in rem by David J. Taff against the brig Antelope for materials furnished during the building of the vessel. Libel dismissed, with costs.]

A. F. Smith, for libellant.

C. Donohue, for claimant.

BLATCHFORD, District Judge. This is a libel, which avers, that, sometime in September, 1855, there being then a brig or vessel, since called the Antelope, building at Newburgh, in the state of New York, her owner or owners, or his or their agent employed in building the same, applied to the libellant. David J. Taff, to furnish a set of spars and a foreyard for the vessel; that the libellant, on such order, furnished to the brig one set of spars and a foreyard; that the value of the set of spars was $385, and the value of the foreyard $30; that the articles were duly delivered, and were used in building the vessel; that the value thereof was, by the maritime law and the law of the state of New York, a lien on the vessel; that the articles have not been paid for; that the vessel is at the city of New York; that she left Newburgh, where she was built, for the city of New York, about seven days prior to October 4th 1855; and that she has remained at New York ever since, and has never been without the state of New York. The libel was filed October 4th, 1855.

The answer sets up, as a defence, that the spars alleged to have been furnished to the brig were furnished to one Marvell, and not to the vessel, and that, if any lien ever existed, it was lost by the departure of the vessel from the port where she lay at the time of the alleged furnishing of the spars.

This defence is made out, as respects the loss of any lien which the libellant ever had. He had no lien by the general maritime law, for the articles furnished by him towards building the vessel, which this court can

---

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

enforce in admiralty. People's Ferry Co. v. Beers, 20 How. [61 U. S.] 393; Roach v. Chapman, 22 How. [63 U. S.] 129. Therefore, any lien which he had was one given by the law of New York. By that law, (2 Rev. St. 493, § 1, as amended by chapter 110 of the Laws of 1855, passed March 29, 1855,) whenever a debt amounting to fifty dollars or upwards is contracted by the master, owner, or his agent, builder, or consignee, of any ship or vessel within the state, on account of any materials or articles furnished in this state, for or towards the building, fitting, furnishing, or equipping such ship or vessel, such debt is made a lien upon such ship or vessel, her tackle, apparel, and furniture, and is preferred to all other liens thereon except mariners' wages. It is further provided (section 2, as amended by the same act of 1855) that, in all cases, the lien shall cease immediately after the vessel shall have left the port at which she was when the debt was contracted, unless the person having the lien shall, within ten days after such departure, cause to be drawn up specifications of his lien, the correctness of which shall be verified by oath and filed in the county clerk's office of the county in which the lien shall be created. In this case, the libel and the testimony show that the vessel was built at Newburgh, that she was at Newburgh when the debt was contracted, that the articles furnished by the libellant were furnished to her at Newburgh, and were used in building her at Newburgh, and that she had left Newburgh, and had arrived at New York. The lien, therefore, if any there was, ceased immediately after the vessel left Newburgh, unless the libellant filed the specifications prescribed within ten days after the departure of the vessel from Newburgh. The libel avers no such filing. It is for the libellant to aver and prove such filing. No evidence of any such filing was given. The answer takes the objection clearly, and the libel must be dismissed, with costs.